# Court of Appeals
# of the State of Georgia

ATLANTA,  September 26, 2025

*The Court of Appeals hereby passes the following order:*

## A26D0075. AJEA THORPE v. THE POINTE, ASDEN MANAGEMENT LLC.

On August 18, 2025, the magistrate court entered a consent order granting a writ of possession and other relief to plaintiff The Pointe, Asden Management LLC. On September 4, 2025, defendant Ajea Thorpe filed this application for discretionary review, seeking to appeal the August 18 order. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41 (b), which provides for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438-439 (2) (886 SE2d 389) (2023). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. *Harris v. Reserve at Hollywood*, Case No. A26D0039, ____ Ga. App. ____ (____ SE2d____), slip op. at 1 (Aug. 26, 2025). The Georgia Constitution provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11 (b).

As such, this Court at times has transferred applications seeking review of magistrate court orders back to the magistrate court with direction to send the case to state or superior court. Here, however, Thorpe's application is untimely because it was filed more than 7 days after the entry of the magistrate court's order.[1] See OCGA

---

[1] Additionally, Thorpe cannot attack the magistrate court's order because she consented to the judgment. See *Hurt v. Norwest Mtg.*, 260 Ga. App. 651, 656 (1) (c)

§ 44-7-56 (b) (1); *Stubbs v. Local Homes*, 375 Ga. App. 513, 515-516 (915 SE2d 91) (2025) (while applications for discretionary review generally may be filed within 30 days of entry of the order sought to be appealed, an application in a dispossessory proceeding must be filed within 7 days of the order on appeal); accord *Harris*, Case No. A26D0039, slip op. at 1. The deadlines for filing applications for discretionary review are jurisdictional, and this Court cannot accept an application not made in compliance therewith. *Harris*, Case No. A26D0039, slip op. at 2. Thus, we decline to transfer this case back to magistrate court with direction to send the case to state or superior court. Rather, this untimely application is hereby DISMISSED. See id.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/26/2025

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

(580 SE2d 580) (2003) ("[N]o litigant will be heard to complain of an order or judgment of the court which he procures or assists in procuring, unless it be made plainly to appear that the consent of the party seeking to complain was obtained by fraud or mistake.") (citation and punctuation omitted).